JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
MISTY L. DANTE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Misty.Dante@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBERT EARL THOMPSON,<br><br>Defendant<br><br>SCOTT ALLEN JOHNSON,<br><br>Petitioner | Case No. 2:23-cr-00087-CDS-DJA<br><br>**Order of Forfeiture as to Scott Allen Johnson** |

The United States of America and Scott Allen Johnson agree as follows:

1. Robert Earl Thompson pled guilty to Counts One though Five of a Five-Count Superseding Criminal Information charging him in Counts One through Three with robbery of United States property with use of dangerous weapon in violation of 18 U.S.C. § 2114(a) and in Counts Four through Five with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Superseding Criminal Information 37; Plea Agreement, ECF No. 38; Change of Plea, ECF No. 39.

2. Robert Earl Thompson agreed to the forfeiture of property set forth in the Plea Agreement and the Forfeiture Allegations of the Superseding Criminal Information. Superseding Criminal Information 37; Plea Agreement, ECF No. 38; Change of Plea, ECF No. 39.

1

3. On March 7, 2024, Scott Allen Johnson filed a Petition for a Hearing to Adjudicate Forfeiture of Property (Petition), ECF No. 41.

4. The United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from January 19, 2024, through February 17, 2024, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 40.

5. On February 8, 2024, the United States served Scott Allen Johnson. Notice of Filing Service of Process – Mailing, ECF No. 43.

6. Scott Allen Johnson did not file an insurance claim for the property.

7. According to his Petition, Scott Allen Johnson has not been compensated for the value of the property by any insurer or third party.

8. Scott Allen Johnson has not traded, sold, or otherwise alienated his interest in the property.

9. Scott Allen Johnson knowingly and voluntarily agrees to the civil judicial forfeiture or the criminal forfeiture of the property.

10. Scott Allen Johnson knowingly and voluntarily agrees to forfeit the property to the United States.

11. Scott Allen Johnson knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

12. Scott Allen Johnson knowingly and voluntarily agrees to waive his rights to any civil judicial forfeiture proceedings or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

13. Scott Allen Johnson knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

14. Scott Allen Johnson knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the property.

15. Scott Allen Johnson knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property except the third-party petition and this Stipulation.

16. Scott Allen Johnson knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents they filed in any proceedings concerning the property.

17. Scott Allen Johnson knowingly and voluntarily agrees to waive its right to a hearing on the forfeiture of the property.

18. Scott Allen Johnson knowingly and voluntarily waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), and 21 U.S.C. § 853(n), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the forfeiture in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

19. Scott Allen Johnson knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

20. Scott Allen Johnson knowingly and voluntarily agrees to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution.

/ / /

21. Scott Allen Johnson knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

22. Scott Allen Johnson knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Scott Allen Johnson, and Order (Stipulation).

23. Scott Allen Johnson knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Postal Service, the United States Postal Inspection Service, their agencies, their agents, and their employees from any claim made by him or any third party arising from the facts and circumstances of this case.

24. Scott Allen Johnson knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Postal Service, the United States Postal Inspection Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Scott Allen Johnson now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

25. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

26. After the property is forfeited in the criminal case, the Final Order of Forfeiture is entered, the United States District Court has signed this Stipulation concerning the property, and the United States has no outstanding evidentiary needs concerning the

/ / /

4

1 property, within a practicable time thereafter for the United States, the United States
2 knowingly and voluntarily agrees to transfer:

      a.    Glock 22 semiautomatic, .40 caliber, bearing serial number KCA596 (property) to Scott Allen Johnson, or his counsel.

27. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

28. The persons signing this Stipulation warrant and represent that they have full authority to execute this Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of this Stipulation.

29. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

30. Each party shall bear their own attorneys' fees, expenses, interest, and costs.

31. This Stipulation contains the entire agreement between the parties.

32. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 4.1.24

*Scott Johnson*
SCOTT ALLEN JOHNSON
*Petitioner*

DATED: _____

JASON M. FRIERSON
United States Attorney

_____
MISTY L. DANTE
Assistant United States Attorney

IT IS SO ORDERED:

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

DATED: _____

IT IS HEREBY CERTIFIED, under 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: _____

SCOTT ALLEN JOHNSON
*Petitioner*

DATED: 4/01/2024

JASON M. FRIERSON
United States Attorney

 */s/ Misty L. Dante*
MISTY L. DANTE
Assistant United States Attorney

IT IS SO ORDERED:

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

DATED: April 3, 2024

6